IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

WILLIAM C GARDNER,

    Plaintiff,

v.                                                                           Civ. No. 25-485 GBW[1]

STATE OF NEW MEXICO, *et al.*,

    Defendants.

## ORDER TO SHOW CAUSE

THIS MATTER is before the Court on Plaintiff's Verified Petition for a Prima Facia Tort 1983 Claim, Interference with Contractual Relationships and the 2021 New Mexico Civil Rights Act, Bre[a]ch of Fiduciary Duty and Injunctive Relief ("Complaint"). *Doc. 1.* Defendant Jane Levy is the state-court judge presiding over the divorce case. *See id.* at 3. Defendants David Giddens and Jerome Johnson are the court-appointed "receivership" and "accountant," respectively. *Id.* Defendant David Martin is a "process server and owner of Martin Investigations." *Id.* Plaintiff seeks compensatory and punitive damages, declaratory judgments, and injunctive relief

---

[1] The Clerk's Office assigned the undersigned to this case for review pursuant to 28 U.S.C. § 1915 which allows the Court to authorize commencement of a case without prepayment of the filing fee. *See doc. 3*. The Clerk's Office is contacting Plaintiff regarding payment of the filing fee. The undersigned has reviewed the Complaint pursuant to the Court's inherent power to manage its docket. *See Sec. and Exch. Comm'n v. Mgmt. Sols., Inc.*, 824 F. App'x 550, 553 (10th Cir. 2020) ("[A] district court has the inherent power 'to manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases'") (quoting *Dietz v. Bouldin*, 579 U.S. 40, 44-45 (2016)).

including "quash[ing] all orders" of the state court, a stay of litigation of the state court proceedings, release of funds to Plaintiff, and termination of the receivership.  *Id.* at 23.

**Defendant Giddens**

Plaintiff incorrectly states "this is a refiling of the original case 1:24-CV-01305WJ/JFR (DOC 42) as it was ironically dismissed on a technical violation of service of process." *Id.* at 1.  While this case alleges claims against the same Defendants based on the same facts in *Gardner v. New Mexico*, No. 1:24-cv-01035 WJ/JFR, Senior United States District Judge William P. Johnson has not dismissed the first case.  Judge Johnson dismissed the claims against Defendants State of New Mexico, Jane Levy, and Jerome Johnson; Plaintiff's claims against Defendant Giddens remain pending.  *See* Order Dismissing Claims, *Gardner v. New Mexico*, No. 1:24-cv-01305 WJ/JFR, *doc. 42* (D.N.M. May 19, 2025).  Furthermore, Judge Johnson did not dismiss those claims for "a technical violation of service of process."  Judge Johnson dismissed those claims as required by Rule 4(m) of the Federal Rules of Civil Procedure after United States Magistrate Judge John F. Robbenhaar ordered Plaintiff to show cause why the Court should not dismiss the claims against Defendants State of New Mexico, Jane Levy and Jerome Johnson for failure to timely serve them and after Plaintiff failed to show good cause.  *See* Order to Show Cause, *Gardner v. New Mexico*, No. 1:24-cv-01305 WJ/JFR, *doc. 23* (D.N.M. April 1, 2025); Order Dismissing Claims, *Gardner v. New Mexico*, No. 1:24-cv-01305 WJ/JFR, *doc. 42* (D.N.M. May 19, 2025).

2

The Court orders Plaintiff to show cause why the Court should not dismiss Plaintiff's claims against Defendant Giddens in this case as duplicative of the pending claims in the first case. *See Katz v. Gerardi*, 655 F.3d 1212, 1217-18 (10th Cir. 2011) ("District courts have discretion to control their dockets by dismissing duplicative cases.") (citing *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976) ("As between federal district courts . . . though no precise rule has evolved, the general principle is to avoid duplicative litigation.")).

**Jurisdiction**

As the party seeking to invoke the jurisdiction of this Court, Plaintiff bears the burden of alleging facts that support jurisdiction. *See Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) ("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction."); *Evitt v. Durland*, 242 F.3d 388, at *2 (10th Cir. 2000) ("[E]ven '[i]f the parties do not raise the question' themselves, it is our duty to address the apparent lack of jurisdiction sua sponte") (quoting *Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 843 (10th Cir. 1988).

The Complaint asserts claims against the State of New Mexico. *See doc. 1* at 1.

> Generally, states and their agencies are protected from suit by sovereign immunity, as guaranteed by the Eleventh Amendment. "The ultimate guarantee of the Eleventh Amendment is that nonconsenting States may not be sued by private individuals in federal court." *Bd. of Trs. of Univ. of Ala. v. Garrett*, 531 U.S. 356, 363, 121 S.Ct. 955, 148 L.Ed.2d 866 (2001). However,

> there are three exceptions to the Eleventh Amendment's guarantee of sovereign immunity to states:
>
>> First, a state may consent to suit in federal court. Second, Congress may abrogate a state's sovereign immunity by appropriate legislation when it acts under Section 5 of the Fourteenth Amendment. Finally, under *Ex parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908), a plaintiff may bring suit against individual state officers acting in their official capacities if the complaint alleges an ongoing violation of federal law and the plaintiff seeks prospective relief.
>
> *Muscogee (Creek) Nation v. Pruitt,* 669 F.3d 1159, 1166 (10th Cir.2012) (internal citations omitted and altered).

*Levy v. Kansas Dep't of Soc. and Rehab. Servs.*, 789 F.3d 1164, 1168-69 (10th Cir. 2015). Plaintiff's Complaint fails to show that the Court has jurisdiction over his claims against the State of New Mexico because there are no factual allegations showing that any of the exceptions to the Eleventh Amendment's guarantee of sovereign immunity to states apply to Plaintiff's claims against the State of New Mexico.

Plaintiff asserts claims against state court Judge Jane Levy, state-court "receivership" David Giddens, and state-court forensic accountant Jerome Johnson alleging that the New Mexico Civil Rights Act "bar[s] the defense of qualified immunity of the assigned officers of the court." *Doc. 1* at 4. The New Mexico Civil Rights Act states:

> A person who claims to have suffered a deprivation of any rights, privileges or immunities *pursuant to the bill of rights of the constitution of New Mexico* due to acts or omissions of a public body or person acting on behalf of, under color of or within the course and scope of the authority of a public

4

> body may maintain an action to establish liability and recover actual damages and equitable or injunctive relief *in any New Mexico district court*.

N.M.S.A. § 41-4A-3(B) (emphasis added), and:

> The state shall not have sovereign immunity for itself or any public body within the state *for claims brought pursuant to the New Mexico Civil Rights Act*, and the public body or person acting on behalf of, under color of or within the course and scope of the authority of the public body provided pursuant to the New Mexico Civil Rights Act shall not assert sovereign immunity as a defense or bar to an action.

N.M.S.A. § 41-4A-9 (emphasis added).  The New Mexico Civil Rights Act waives sovereign immunity only for claims for deprivations of rights pursuant to the New Mexico Constitution brought in state court; it does not waive sovereign immunity for claims for deprivations of rights pursuant to the United States Constitution brought in this United States Court.

It also appears that this case is barred by the *Younger* abstention and/or *Rooker-Feldman* doctrines.  The *Younger* abstention doctrine "dictates that federal courts not interfere with state court proceedings . . . when such relief could adequately be sought before the state court." *Rienhardt v. Kelly*, 164 F.3d 1296, 1302 (10th Cir. 1999); *D.L. v. Unified Sch. Dist. No. 497*, 392 F.3d 1223, 1228 (10th Cir. 2004) ("*Younger* abstention is jurisdictional.") (citing *Steel Co. v. Citizens for a Better Env.*, 523 U.S. 83, 100 n.3 (1998)). In determining whether *Younger* abstention is appropriate, the Court considers whether:

> (1) there is an ongoing state . . . civil . . . proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests,

5

> matters which traditionally look to state law for their resolution or implicate separately articulated state policies.

*Amanatullah v. Colo. Bd. of Med. Exam'rs*, 187 F.3d 1160, 1163 (10th Cir. 1999). The *Rooker-Feldman* doctrine:

> bars federal district courts from hearing cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005). Where the relief requested would necessarily undo the state court's judgment, *Rooker-Feldman* deprives the district court of jurisdiction.

*Velasquez v. Utah*, 775 F. App'x 420, 422 (10th Cir. 2019); *Knox v. Bland*, 632 F.3d 1290, 1292 (10th Cir. 2011) ("Under [the *Rooker-Feldman*] doctrine, 'a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights.'") (quoting *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994)).

It appears the Court lacks jurisdiction over this case because: (i) the divorce case is ongoing in state court; (ii) the state district court and the New Mexico Court of Appeals provide an adequate forum to hear the claims Plaintiff raises in this case; and (iii) the divorce proceeding involves an important state interest which is governed by state law. Plaintiff has not shown that this Court has jurisdiction to undo the state district court's judgments; such appellate review is properly with the New Mexico

Court of Appeals. Furthermore, it appears the Court lacks jurisdiction over Plaintiff's claims for injunctive relief:

> The Anti–Injunction Act ordinarily precludes injunctions against state-court proceedings. 28 U.S.C. § 2283. But three exceptions exist:
>
> 1. Congress "expressly authorized" an injunction.
>
> 2. The injunction is "necessary in aid of [the federal district court's] jurisdiction."
>
> 3. The injunction is necessary to "protect or effectuate" a previous judgment in federal district court [. . . .]
>
> The Anti–Injunction Act's exceptions are narrow and are not to be loosely construed. *Smith v. Bayer Corp.*, 564 U.S. 299, 131 S.Ct. 2368, 2375, 180 L.Ed.2d 341 (2011). As a result, courts should resolve doubts about the applicability of an exception in favor of allowing the state-court proceeding to continue. *Id.*, 131 S.Ct. at 2382.

*Tooele Cnty. v. United States*, 820 F.3d 1183, 1187-88 (10th Cir. 2016). The Complaint does not show that any of the three exceptions to the Anti-Injunction Act are applicable to this case.

The Court orders Plaintiff to show cause why the Court should not dismiss this case for lack of jurisdiction. *See Lowrey v. Sandoval Cnty. Child. Youth and Fams. Dep't*, 2023 WL 4560223, at *2 (10th Cir. July 17, 2023) ("Given a referral for non-dispositive pretrial matters, a magistrate judge may point out deficiencies in the complaint [and] order a litigant to show cause") (citing 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a)); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). If Plaintiff asserts

the Court should not dismiss this case, Plaintiff must file an amended complaint. The amended complaint must comply with the Federal and Local Rules of Civil Procedure. *See* Fed. R. Civ. P. 10(b) ("A party must state its claims or defenses in numbered paragraphs"); *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cnty. Just. Ctr.*, 492 F.3d 1158, 1163 (10th Cir. 2007) ("[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated.").

**Case Management**

> Generally, *pro se* litigants are held to the same standards of professional responsibility as trained attorneys. It is a *pro se* litigant's responsibility to become familiar with and to comply with the *Federal Rules of Civil Procedure* and the *Local Rules of the United States District Court for the District of New Mexico* (the "Local Rules").

Guide for Pro Se Litigants at 4, United States District Court, District of New Mexico (October 2022). The Local Rules, the Guide for Pro Se Litigants and a link to the Federal Rules of Civil Procedure are available on the Court's website: http://www.nmd.uscourts.gov.

**Compliance with Rule 11**

The Court reminds Plaintiff of his obligations pursuant to Rule 11 of the Federal Rules of Civil Procedure. *See Yang v. Archuleta*, 525 F.3d 925, 927 n. 1 (10th Cir. 2008) ("*Pro se* status does not excuse the obligation of any litigant to comply with the

fundamental requirements of the Federal Rules of Civil and Appellate Procedure.").

Rule 11(b) provides:

> **Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> **(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> **(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> **(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> **(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). Failure to comply with the requirements of Rule 11 may subject Plaintiff to sanctions, including monetary penalties and nonmonetary directives. *See* Fed. R. Civ. P. 11(c).

IT IS THEREFORE ORDERED that, **within 21 days of the entry of this Order**, Plaintiff shall: (i) show cause as to why the Court should not dismiss this case; and (ii) file an amended complaint. Failure to timely show cause and file an amended complaint may result in dismissal of this case.

_____
GREGORY B. WORMUTH
CHIEF UNITED STATES MAGISTRATE JUDGE