IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

WILLIAM GARDNER,

        Plaintiff,

v.                                                                 No. 1:25-cv-00485-KWR-GBW

STATE OF NEW MEXICO,
JANE LEVY, in her official capacity,
DAVID GIDDENS AND CHRIS GATTON LAW FIRM,
DAVID GIDDENS, in his individual capacity,
JEROME JOHNSON, in his official and individual capacities,
DAVID MARTIN, in his individual capacity, and
MARTIN PRIVATE INVESTIGATIONS,

        Defendants.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

This case arises from Defendants' actions related to a divorce case in state court. *See* Verified Petition for a Prima Facia Tort 1983 Claim, Interference with Contractual Relationships and the 2021 New Mexico Civil Rights Act, Breech [sic] and Injunctive Relief at 1-3, Doc. 1, filed May 22, 2025("Complaint") (referencing case No. "D-202-DM-2023-03332"). Defendant Jane Levy is the state-court judge presiding over the divorce case. *See* Complaint at 3. Defendants David Giddens and Jerome Johnson are the court-appointed "receivership" and "accountant," respectively. Complaint at 3. Defendant David Martin is a "process server and owner of Martin Investigations." Complaint at 3. Plaintiff seeks compensatory and punitive damages, declaratory judgments, and injunctive relief including "quash[ing] all orders" of the state-court, a stay of litigation of the state court proceedings, release of funds to Plaintiff and termination of the receivership. Complaint at 23.

As the party seeking to invoke the jurisdiction of this Court, Plaintiff bears the burden of alleging facts that support jurisdiction. *See Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) ("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction"); *Evitt v. Durland*, 243 F.3d 388 *2 (10th Cir. 2000) ("even if the parties do not raise the question themselves, it is our duty to address the apparent lack of jurisdiction sua sponte") (quoting *Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 843 (10th Cir.1988).

Chief United States Magistrate Judge Gregory B. Wormuth notified Plaintiff: (i) the Complaint fails to show that the Court has jurisdiction over Plaintiff's claims against the State of New Mexico because there are no factual allegations showing that any of the exceptions to the Eleventh Amendment's guarantee of sovereign immunity apply to Plaintiff's claims against the State of New Mexico; (ii) the New Mexico Civil Rights Act does not waive sovereign immunity for claims for deprivations of rights pursuant to the United States Constitution brought in this United States Court; (iii) it appears that this case is barred by the *Younger* abstention[1] and/or

---

[1] The *Younger* abstention doctrine "dictates that federal courts not interfere with state court proceedings ... when such relief could adequately be sought before the state court." *Rienhardt v. Kelly*, 164 F.3d 1296, 1302 (10th Cir. 1999); *D.L. v. Unified School Dist. No. 497*, 392 F.3d 1223, 1228 (10th Cir. 2004) ("*Younger* abstention is jurisdictional") (citing *Steel Co. v. Citizens for a Better Env.*, 523 U.S. 83, 100 n.3 (1998)). In determining whether *Younger* abstention is appropriate, the Court considers whether:

> (1) there is an ongoing state ... civil ... proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies.

*Amanatullah v. Colo. Bd. of Med. Exam'rs*, 187 F.3d 1160, 1163 (10th Cir. 1999).

*Rooker-Feldman*[2] doctrines which deprive United States Courts of jurisdiction over matters related to state court proceedings; and (iv) it appears the Court lacks jurisdiction pursuant to the Anti-Injunction Act[3] over Plaintiff's claims for injunctive relief.  Judge Wormuth ordered Plaintiff to show cause why the Court should not dismiss this case for lack of jurisdiction and to file an amended complaint.  *See* Order to Show Cause at 7, 9.

---

[2] The *Rooker-Feldman* doctrine:

> bars federal district courts from hearing cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005). Where the relief requested would necessarily undo the state court's judgment, *Rooker-Feldman* deprives the district court of jurisdiction. *Mo's Express*, 441 F.3d at 1237.

*Velasquez v. Utah*, 775 Fed.Appx. 420, 422 (10th Cir. 2019); *Knox v. Bland*, 632 F.3d 1290, 1292 (10th Cir. 2011) ("Under [the *Rooker-Feldman*] doctrine, 'a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights'") (quoting *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994)).

[3]

> The Anti–Injunction Act ordinarily precludes injunctions against state-court proceedings. 28 U.S.C. § 2283. But three exceptions exist:
>
> 1. Congress "expressly authorized" an injunction.
>
> 2. The injunction is "necessary in aid of [the federal district court's] jurisdiction."
>
> 3. The injunction is necessary to "protect or effectuate" a previous judgment in federal district court.
>
> The Anti–Injunction Act's exceptions are narrow and are not to be loosely construed. *Smith v. Bayer Corp.,* 564 U.S. 299, 131 S.Ct. 2368, 2375, 180 L.Ed.2d 341 (2011). As a result, courts should resolve doubts about the applicability of an exception in favor of allowing the state-court proceeding to continue. *Id.,* 131 S.Ct. at 2382.

*Tooele County v. United States*, 820 F.3d 1183, 1187-88 (10th Cir. 2016).

Plaintiff filed a Response and an Amended Complaint. *See* Response to Motion [sic] to Show Cause, Doc. 9, filed June 9, 2025; Amended Verified Petition for Claims 1983 [sic] and the New Mexico Civil Rights Act, Financial Privacy Act, Regulation P, Interference with Business Relationships, Breech [sic] of Fiduciary Duty and Injunctive Prospective Relief, Doc. 10, filed June 9, 2025 ("Amended Complaint"). Plaintiff incorrectly filed his Amended Complaint as a motion. The Court orders the Clerk to correct the docket to reflect that that Plaintiff filed an Amended Complaint, not a motion.

The Amended Complaint asserts civil rights claims pursuant to 42 U.S.C. § 1983 and claims pursuant to state law against the State of New Mexico and the individual Defendants based on their actions related to the divorce proceeding in state court. Plaintiff seeks compensatory and punitive damages, injunctive relief from state court orders pursuant to Section 1983 and *Ex parte Young*, and declarations that the state court orders are "beyond [] judicial scope" and Defendants' actions are unconstitutional and violated Plaintiff's rights. *See* Amended Complaint at 24-25. Plaintiff has not met his burden of establishing jurisdiction for the reasons that follow.

Plaintiff's Response to the Order to Show Cause asserts, but fails to show, the individual Defendants are not immune from suits against them pursuant to *Ex parte Young*. *See* Response at 2-5. "[U]nder *Ex parte Young*, a plaintiff may bring suit against individual state officers acting in their official capacities if the complaint alleges an ongoing violation of federal law and the plaintiff seeks prospective relief." *Levy* v. *Kan. Dep't of Soc. & Rehab. Servs.*, 789 F.3d 1164, 1169 (10th Cir. 2015). Plaintiff, however, seeks prospective injunctive relief against *judicial officers*.

> Section 1983 expressly disallows injunctive relief against a judicial officer "for an act or omission taken in such officer's judicial capacity ... *unless a declaratory decree was violated or declaratory relief was unavailable.*" *See Knox v. Bland*, 632 F.3d 1290, 1292 (10th Cir. 2011) ("Although we have previously said that a plaintiff may obtain an injunction against a state judge under 42 U.S.C. § 1983, those statements were abrogated by the Federal Courts Improvement Act of 1996, which

4

> provides that injunctive relief against a judicial officer shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.") (citations and quotation marks omitted).

*Catanach v. Thomson*, 718 Fed.Appx. 595, 597, 599-600 (10th Cir. 2017) (emphasis added). Plaintiff has not shown that a declaratory decree was violated or declaratory relief was unavailable.

Plaintiff's Response also asserts, but fails to show, the individual Defendants are not immune from suits against them pursuant to the New Mexico Civil Rights Act. *See* Response at 5-7. Plaintiff contends that the New Mexico Civil Rights Act is ambiguous because "it doesn't clarify any distinction between State or Federal district Court i[t] simply states New Mexico District court," that the Defendants do not have sovereign immunity pursuant to the Act and that this Court "has proper jurisdiction in ruling the Defendants have no sovereign immunity." Response at 6. The New Mexico Civil Rights Act provides:

> A person who claims to have suffered a deprivation of any rights, privileges or immunities *pursuant to the bill of rights of the constitution of New Mexico* due to acts or omissions of a public body or person acting on behalf of, under color of or within the course and scope of the authority of a public body may maintain an action to establish liability and recover actual damages and equitable or injunctive relief *in any New Mexico district court*.

N.M.S.A. § 41-4A-3(B) (emphasis added), and:

> The state shall not have sovereign immunity for itself or any public body within the state *for claims brought pursuant to the New Mexico Civil Rights Act*, and the public body or person acting on behalf of, under color of or within the course and scope of the authority of the public body provided pursuant to the New Mexico Civil Rights Act shall not assert sovereign immunity as a defense or bar to an action.

N.M.S.A. § 41-4A-9 (emphasis added). The New Mexico Civil Rights Act waives sovereign immunity only for claims for deprivations of rights pursuant to the New Mexico Constitution brought in state court; it does not waive sovereign immunity for claims for deprivations of rights pursuant to the United States Constitution brought in this United States Court. Plaintiff's argument that the New Mexico Civil Rights Act is ambiguous is without merit. The Act, which refers to

"any New Mexico district court," is not ambiguous. The Act clearly refers to New Mexico District Courts. This Court is a United States District Court, not a New Mexico District Court.

After explaining the *Younger* abstention and *Rooker-Feldman* doctrines, Judge Wormuth notified Plaintiff:

> It appears the Court lacks jurisdiction over this case because: (i) the divorce case is ongoing in state court; (ii) the state district court and the New Mexico Court of Appeals provide an adequate forum to hear the claims Plaintiff raises in this case; and (iii) the divorce proceeding involves an important state interest which is governed by state law. Plaintiff has not shown that this Court has jurisdiction to undo the state district court's judgments; such appellate review is properly with the New Mexico Court of Appeals.

Order to Show Cause at 6-7. After explaining that the Anti-Injunction Act ordinarily precludes injunctions against state-court proceedings, Judge Wormuth notified Plaintiff that it appears the Court lacks jurisdiction over Plaintiff's claims for injunctive relief against the state court proceedings because the Complaint does not show that any of the three exceptions to the Anti-Injunction Act are applicable to this case. *See* Order to Show Cause at 7. Plaintiff's Response to the Order to Show Cause does not address *Younger* abstention, *Rooker-Feldman* or the Anti-Injunction Act.

The Court concludes it does not have jurisdiction over Plaintiff's federal law claims because: (i) Plaintiff has not shown that the Court can provide injunctive relief pursuant to *Ex parte Young*; (ii) The New Mexico Civil Rights Act does not waive Defendants' sovereign immunity for claims for deprivations of rights pursuant to the United States Constitution brought in this Court; and (iii) Plaintiff has not addressed *Younger* abstention, *Rooker-Feldman* or the Anti-Injunction Act. *See Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) ("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction").

6

The Court dismisses Plaintiff's federal law claims without prejudice for lack of subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action"); *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006) ("[D]ismissals for lack of jurisdiction should be without prejudice because the court, having determined that it lacks jurisdiction over the action, is *incapable* of reaching a disposition on the merits of the underlying claims.") (emphasis in original).

The Court, having dismissed Plaintiff's federal law claims, declines to exercise supplemental jurisdiction over Plaintiff's state law claims and dismisses this case. *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction"); *Barnett v. Hall, Estill, Hardwick, Gable, Golden & Nelson, P.C.*, 956 F.3d 1228, 1238 (10th Cir. 2020) ("The Supreme Court has encouraged the practice of dismissing state claims or remanding them to state court when the federal claims to which they are supplemental have dropped out before trial").

**IT IS ORDERED** that:

(i)  This case is **DISMISSED without prejudice.**

(ii) Plaintiff's Motion for Emergency Prospestive [sic] Injunctive Relief, Doc. 8, filed June 9, 2025, is **DENIED.**

(iii) The Clerk shall correct the docket to reflect that Plaintiff's Amended Verified Petition for Claims 1983 [sic] and the New Mexico Civil Rights Act, Financial Privacy Act, Regulation P, Interference with Business Relationships, Breech [sic] of Fiduciary Duty and Injunctive Prospective Relief, Doc. 10, filed June 9, 2025, is an amended pleading, not a motion.

/S/ KEA W. RIGGS
**UNITED STATES DISTRICT JUDGE**
